# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| JEREMY SORENSON, individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CREE LIGHTING USA LLC, <br><br> Defendant. | Case No. 26-cv-445 <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Jeremy Sorenson ("Plaintiff"), individually and on behalf of a putative class of similarly situated former employees as defined herein, brings this suit against Cree Lighting USA LLC ("Defendant"), and by way of this Class Action Complaint, alleging as follows:

### NATURE OF ACTION:

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), the Wisconsin Mini-Warn Act (known as the Wisconsin Business Closing and Mass Layoff Law), Wis. Stat. § 109.07 ("Wisconsin WARN Act"), by the Plaintiff individually and on behalf of the other similarly situated persons against Defendant, their employer, for WARN Act purposes.

2. Defendant owns and operates an office located at 9201 Washington Avenue, Racine, WI 53406 ("the Facility").

3. Defendant abruptly terminated, unilaterally and without proper notice to employees or staff, upon information and belief, at least 172 employees, which represents at least 33% of active full-time employees, including Plaintiff, who reported to the Wisconsin Facility.

4. Plaintiff was terminated on March 13, 2026, as part of a mass layoff and/or plant closing without sufficient notice.

5. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable mass lay off or plant closing ordered by Defendant on or around March 13, 2026, and within 90 days of that date, and who were not provided the requisite 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act and Wisconsin WARN Act.

6. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act and the Wisconsin WARN Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

9. At all times relevant, the Plaintiff was a member of the Nationwide Class and the respective subclasses (as defined below).

10. Plaintiff **Jeremy Sorenson** is a citizen of the United States and resident of Milwaukee County, Wisconsin. He was employed by Defendant at all relevant times at the Facility. He was employed for over six months at the time of his termination and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). Plaintiff was terminated without cause and did not receive 60 days' notice of his termination.

11. Defendant **Cree Lighting USA LLC** is a foreign, limited liability company and registered to do business in Wisconsin, with a corporate headquarters located at 9201

2

Washington Avenue, Racine, WI 53406. As registered with the Wisconsin Secretary of State, Defendant may be served via its registered agent, Corporation Service Company, 33 East Main Street, Suite 610, Madison, WI 53703.

12. Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the Facility, where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

13. Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice pursuant to the WARN Act and Wisconsin WARN Act, terminating over 50 employees and at least one-third of the workforce.

## FACTS

14. Until October 2, 2025, upon information and belief, the Defendant's operation was running business as usual, and employees had no indication that Defendant intended to reduce the workforce.

15. On that same day, Defendant informed Plaintiff that he was being furloughed. The furlough continued week to week up and until March 12, 2026.

16. On or about March 12, 2026, Defendant informed Plaintiff that his job would be terminated effective March 13, 2026.

17. On or about March 12, 2026, Defendant provided notice to the Wisconsin Department of Workforce Development that effective March 12, 2026, 172 employees "will be permanently eliminated."

18. Defendant did not provide advance notice of the terminations as required by the WARN Act or the Wisconsin WARN Act, even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed at the Facilities.

3

19. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period.

20. By failing to provide its affected employees who were temporarily or permanently terminated on or around March 13, 2026, with the required notice and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act and the Wisconsin WARN Act.

<u>**CLASS ACTION ALLEGATIONS**</u>

21. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> **All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act and Wisconsin WARN Act) on March 13, 2026, and within 90 days March 13, 2026.**

22. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a. The class and each respective subclass includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class and each respective subclass, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, and under the Wisconsin WARN Act. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class and each respective subclass, and his claims are typical of the claims of other class members. Plaintiff has no interests that are

4

antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and each respective subclass and their interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class and each respective subclass. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

23. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

24. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the putative class and each respective subclass, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

25. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication for this litigation.

**COUNT I**
**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.***
**(WARN Act)**

5

26. Plaintiff re-alleges and incorporate all preceding paragraphs as if set forth in full here.

27. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

28. Plaintiff and those he seeks to represent were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

29. The March 13, 2026, terminations at the Facility resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least one-third of the employees and at least 50 employees at the Facility. Any ongoing terminations occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

30. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

31. On information and belief, Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give sufficient written notice to the Wisconsin Department of Workforce Development, or to the chief elected official of the local government within which the mass layoff was ordered. Notice was provided on March 12, 2026, to the Wisconsin Department of Workforce Development that the layoff commenced on March 12, 2026.

32. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff and/or plant closing as required by 29 U.S.C. § 2102(a), which began on or about March 13, 2026.

33. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

34. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

35. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant has no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**COUNT II:**
**VIOLATIONS OF THE WISCONSIN WARN ACT, Wis. Stat. § 109.07**
**(Wisconsin WARN Act)**

35. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

36. Defendant is an "employer" within the meaning of the Wisconsin WARN Act, Wis. Stat. § 109.07.

37. Plaintiff and those he seeks to represent were at all relevant times "affected employees" within the meaning of the Wisconsin WARN Act, Wis. Stat. § 109.07.

38. The March 13, 2026, termination of at least 172 employees at the Facility resulted in "employment losses" as defined in the Wisconsin WARN Act, Wis. Stat. § 109.07. For purposes of the Wisconsin WARN Act, Wis. Stat. § 109.07, the Facility, individually, represents a single site of employment in that the Facility was the location to which relevant employees

7

were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

39. The Wisconsin WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff to "the subunit of the department that administers s. 106.15, any affected employee, any collective bargaining representative of any affected employee, and the highest official of any municipality in which the affected employment site is located." Wis. Stat. § 109.07.

40. Upon information and belief, prior to March 13, 2026, Defendant did not give any written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in the Wisconsin WARN Act. Wis. Stat. § 109.07. Nor upon information and belief, did Defendant give sufficient written notice to the Wisconsin Office of Workforce Development. Notice was provided on March 12, 2026, one day before Plaintiff was effectively terminated at the Facility.

41. Defendant violated the Wisconsin WARN Act by failing to give timely written notice of the mass layoff as required by the Wisconsin WARN Act, Wis. Stat. § 109.07, which began on or about March 13, 2026.

42. Moreover, Defendant's violations of the Wisconsin WARN Act were not in good faith, and Defendant had no reasonable grounds for ignoring the notice requirements at the Wisconsin WARN Act, Wis. Stat. § 109.07.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), appointment of the Plaintiff as Class Representatives of the Nationwide Class;

2.  A declaration that Defendant violated the WARN Act, and the Wisconsin WARN Act;

3.  A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act and the Wisconsin WARN Act;

4.  A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act and the Wisconsin WARN Act;

5.  A finding that Defendant's violations of the WARN Act and the Wisconsin WARN Act, were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act and the Wisconsin WARN Act;

6.  A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act and the Wisconsin WARN Act, and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d); and

7.  Such other and further relief as this Court deems just and proper and allowed under the WARN Act and the Wisconsin WARN Act.

9

Date: March 19, 2026.                          Respectfully submitted,


                                               *Electronically signed by Nathan E. DeLadurantey*
                                               Nathan E. DeLadurantey, 1063937
                                               **DeLadurantey Law Office, LLC**
                                               136 E. Saint Paul Ave.
                                               Waukesha, WI 53189
                                               (414) 377-0515
                                               E: nathan@dela-law.com

                                               J. Gerard Stranch, IV (*Pro hac vice* forthcoming)
                                               Mariah S. England (*Pro hac vice* forthcoming)
                                               **STRANCH JENNINGS & GARVEY, PLLC**
                                               The Freedom Center
                                               223 Rosa L. Parks Avenue, Suite 200
                                               Nashville, TN 37203
                                               (615) 254-8801
                                               gstranch@stranchlaw.com
                                               mengland@stranchlaw.com

                                               *Attorneys for Plaintiff and the Proposed Classes*

10